IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV80-02-V
(5:05CR30-1-V)

| | |
|---|---|
| JUAN C. SORTO, )<br>    Petitioner, )<br>)<br>        v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence, filed July 28, 2008. For the reasons stated herein, Petitioner's Motion will be denied and dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The record of Petitioner's underlying criminal case reflects that on March 30, 2005, he and another individual were named in an Indictment which charged that they had conspired to possess with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One), that they had possessed with intent to distribute at least 50 grams of methamphetamine or had aided and abetted that offense, all in violation of 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2 (Count Two), and that they had used and carried or had aided and abetted the use and carrying of a firearm during and in relation to their drug trafficking offense, and had possessed or aided and

abetted the possession of such firearm, all in violation of 18 U.S.C. §§ 924(c) and 2.  (Case No. 5:05cr30-1, document # 1).

On March 5, 2006, Petitioner entered into a written Plea Agreement with the Government wherein he agreed to plead guilty to the offenses charged in Counts Two and Three of the Indictment in exchange for the Government's promise to dismiss the remaining charge which was pending against Petitioner.  (Id., document # 42).  By the terms of that Agreement, Petitioner stipulated that his sentence could be calculated on the basis of his having been involved with "(498.5 grams actual meth)"; and that such quantity yielded an unadjusted offense level of 34. (Id.).  The parties' Agreement also contained a waiver provision by which Petitioner waived his right to contest his conviction and/or sentence on any grounds except ineffective assistance of counsel or prosecutorial misconduct. (Id.).

On March 6, 2006, Petitioner appeared before the Court with his attorney for a Plea and Rule 11 Hearing.  On that occasion, the Court engaged Petitioner in a lengthy colloquy to ensure that his guilty pleas were being intelligently and voluntarily tendered.  (Tr. Of Plea and Rule 11 Hrg., filed March 30, 2007). By his sworn responses to the Court's numerous questions, Petitioner established that he had received a copy of the Indictment and had discussed that document with counsel, and he understood the Court's explanation of the charges and their elements.  (Id. at

16-19). Moreover, Petitioner's answers established that he understood that he was facing a statutory minimum term of 10 years up to life imprisonment on Count Two and a statutory minimum mandatory consecutive term of five years imprisonment on Count Three. (Id. at 20-21).

Petitioner's answers also established his understanding that no one knew exactly what his sentence would be and his attorney had only been able to give him his best estimate of what that sentence might be; that any sentence estimate which he received from any source, including defense counsel, was a prediction and not a promise; and that the Court had the final discretion to impose any sentence up to the statutory maximum terms for each charge to which he was pleading. (Id. at 26-28).

Petitioner's answers further established that he had taken enough time to discuss possible defenses with counsel and had told counsel everything he wanted counsel to know about his case; that, other than the terms of his Plea Agreement, no one had made him any promises of leniency or a light sentence to induce his guilty pleas; that no one had threatened, intimidated, or otherwise forced him into pleading guilty; that he was tendering his guilty pleas because he, in fact, was guilty of the charges; and that he was satisfied with the services of his attorney. (Id. at 31, 35-37, and 39-40).

In addition, Petitioner apologized for his conduct and

stated that he planned to put his focus on serving his term of imprisonment and returning as soon as possible to his family. (Id. at 41). Thus, at the conclusion of that proceeding, the Court accepted Petitioner's guilty pleas.

Thereafter, on October 23, 2006, the Government filed a Motion for Downward Departure pursuant to both 18 U.S.C. § 3553(e) and U.S. Sentencing Guidelines § 5K1.1. (Case No. 5:05-cr30-1, document # 48). The Government's Motion explained that Petitioner had provided substantial assistance in the prosecution of his co-defendant. Therefore, the Government asked the Court to reduce Petitioner's total offense level from 31 to 26, impose a sentence within the Guidelines range of 63 to 78 months on Count Two, not to reduce the 60-month statutory minimum mandatory term which was applicable to Count Three, and to impose a total term of 123 months for Petitioner. (Id.).

On October 24, 2006, the Court held Petitioner's Factual Basis and Sentencing Hearing. At the outset of that proceeding, Petitioner stipulated that there was a factual basis to support his guilty pleas to Counts Two and Three; thus, the Court found the existence of a factual basis and entered guilty verdicts on both of the charges. (Tr. Of Factual Basis and Sent'g. Hrg., filed March 30, 2007 at 3).

Next, the Court adopted the findings set forth in Petitioner's Pre-Sentence Report, namely, that Petitioner's total

4

Offense Level was 31, his Criminal History Category was I, and that his resulting range of imprisonment was 120 to 135 months on Count Two and a consecutive statutory term of 60 months on Count Three. (Id. at 4). The Government then explained the basis for its Motion for a departure from a sentencing range of 120 to 135 months down to a 63-month term on Count Two. (Id. at 5). Inexplicably, however, Petitioner gave the Court a handwritten, unsigned letter expressly admitting his guilt but also complaining about certain matters, thereby causing the Court to take a recess from the sentencing proceeding in order to allow defense counsel and the government to review the letter and take whatever action they deemed necessary. (Id. at 7-10). Following that recess, Petitioner advised the Court that he wished to withdraw his letter from the Court's consideration. (Id. at 11). Petitioner also apologized to the Court for the misunderstanding and advised that he was ready to resume with his sentencing proceeding. (Id. at 11-12).

Thereafter, the Court granted the Government's Motion for Downward Departure and the Government dismissed Count One in the Indictment. (Id. at 13). The Court ultimately sentenced Petitioner to 63 months imprisonment on Count Two and to a consecutive 60-month term on Count Three. (Id. at 14). After advising Petitioner of his appellate rights, the Court concluded the proceeding. (Id. at 15). Petitioner timely appealed his

case to the Fourth Circuit Court of Appeals.

On appeal, newly appointed appellate counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967) and, although he was notified by the Court of his right to file his own supplemental brief, Petitioner declined to file his own brief. <u>United States v. Sorto</u>, 246 Fed. App'x 212, 213 (4th Cir. Aug. 28, 2007) (unpublished). Upon its <u>de novo</u> review, the Circuit Court determined that this Court had conducted a thorough colloquy and properly ascertained that Petitioner's guilty pleas were knowingly and voluntarily entered; that Petitioner was sentenced within a properly calculated Guidelines range; and that there was no conclusive evidence of ineffective assistance of counsel appearing on the face of the record. <u>Id</u>. at 213. Consequently, the Circuit Court affirmed Petitioner's convictions and sentence. <u>Id</u>.

Petitioner now has filed the instant Motion to Vacate under 28 U.S.C. § 2255 raising the single claim that he actually is innocent of the conviction and five-year sentence which he received for his § 924(c) conviction because:

> his "co-defendant . . . was not charged with a Section 924(c) violation where according to Officer Bills Report, [the co-defendant] was observed leaning slightly forward and reaching toward the back of the center console. He was advised to show his hands. A few seconds passed and the suspect did comply . . . . searched the vehicle and did find a firearm in the area the co-defendant] was observed reaching to the gun . . . the

> passenger was later identified as [the co-
> defendant]. Also in Detective Black's
> Report: Det: Bills advised the [co-defendant]
> was attempting to reach for this weapon. The
> way it was placed, the butt of the weapon was
> towards the [co-defendant] the barrel was
> toward [Petitioner].

Petitioner further claims that his co-defendant previously had been arrested for carrying a concealed weapon; that the prosecutor was aware that his co-defendant was the person who was reaching in the area of the subject gun at the time of their arrest; and -- in direct contradiction to his assertion that his co-defendant was not charged with a § 924(c) violation -- that his co-defendant's § 924(c) charge was dropped even though the co-defendant pled guilty at the last minute.

## II. ANALYSIS

### 1. This Court is authorized to promptly review and dismiss any § 2255 motion which does not contain a claim that entitles the petitioner to relief.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court carefully has reviewed

7

Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly demonstrates that Petitioner is not entitled to relief on his claim.

## 2. **Petitioner's claim of actual innocence is both factually and legally baseless**.

Petitioner's claim alleges that he is actually innocent of both his § 924(c) conviction and sentence.[1] Although it is not entirely clear, it appears to the Court that Petitioner's claim is based upon his assertions that his co-defendant was the one who was possessed and/or used the subject firearm and that he should not have been convicted of a § 924(c) charge, especially since his co-defendant was not convicted of that offense. Petitioner's claim, however, is fatally flawed.

Indeed, a review of the record reflects, contrary to Petitioner's argument, that Count Three of the Indictment charged <u>both</u> Petitioner and his co-defendant with having violated or having aided and abetted the violation of § 924(c). Also contrary to Petitioner's argument, the record reflects that on March 7, 2006, that is, just two days after Petitioner entered into his own Plea Agreement for Counts Two and Three, his co-defendant entered into a Plea Agreement by which he also promised to plead

---

[1] It did not escape the Court's attention that Petitioner did not raise this claim in his direct appeal and he does not attempt to establish cause and prejudice to excuse his procedural default. Nevertheless, because Petitioner is raising a claim of actual innocence, the Court finds that an evaluation of the merits of this claim is required in any event. Therefore, Petitioner's claim will not be rejected as procedurally defaulted.

guilty to Count Three. Further, Petitioner's co-defendant did not belatedly plead guilty. Rather, the co-defendant tendered his guilty plea on the § 924(c) just one day after Petitioner tendered his guilty pleas to the Court. Equally critically, the record reflects that just one month after Petitioner was convicted and sentenced his co-defendant also was convicted and sentenced to the full statutory term for the § 924(c) charge. Consequently, it is clear that the factual assertions underlying Petitioner's claim are erroneous.

Furthermore, as to the legal basis for Petitioner's claim, it is clear on the facts of this case that he properly was subjected to prosecution and conviction for having aided and abetted his co-defendant's violation of § 924(c). Indeed, aside from the fact that Petitioner pled guilty to the subject offense and does not challenge the legality of that plea, the law is clear that a defendant can be held liable as an aider and abettor for a violation of § 924(c) when his accomplice violates that provision in the course of committing jointly undertaken criminal activity. See Rattigan v. United States, 151 F.3d 551, 557-58 (6th Cir. 1998) (a defendant may be convicted of aiding and abetting a § 924(c) violation even if the defendant never had actual possession of a firearm during the course of the commission of the crime); and United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998) (discussing aider-and-abettor liability for § 924(c)(1)

violations). Similarly, a § 924(c) conviction also can properly be based on the actions of co-conspirators. See Pinkerton v. United States, 328 U.S. 640, 645 (1946) (holding that "a conspirator may be convicted of substantive offenses committed by co-conspirators in the course of and in furtherance of the conspiracy. . . ."

In the instant case, Petitioner does not deny that his co-defendant was guilty of a violation of § 924(c). On the contrary, Petitioner actually seems to be arguing that his co-defendant was guilty of the offense and should have been punished for it. As the Court has explained, however, Petitioner's co-defendant was charged and convicted in relation to the subject offense. Therefore, inasmuch as the facts upon which Petitioner is relying involved his having transported his co-defendant and the firearm to their drug transaction and his co-defendant's having attempted to draw the firearm when the two men were being apprehended by the authorities, Petitioner cannot establish that he actually was innocent of having aided and abetted his co-defendant's violation of § 924(c).

Likewise, Petitioner does not claim that he was unaware that he and his co-defendant were transporting the firearm (in the console of Petitioner's vehicle) to their drug deal. Thus, since Petitioner and his co-defendant were charged with having conspired with one another to traffic in drugs, Petitioner also was

10

properly subject to prosecution and conviction for a violation of
§ 924(c) under the Pinkerton theory of co-conspiracy liability.
In sum, on these facts Petitioner, like his co-defendant/co-
conspirator, properly was convicted and sentenced to 60 months
imprisonment for their violation of § 924(c).

## III.  CONCLUSION

Even assuming that Petitioner's claim of actual innocence is
not barred by his procedural default of it and is not barred by
the waiver provision in his Plea Agreement, such claim still must
be summarily denied and dismissed as both factually and legally
baseless.

## IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's
Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: August 18, 2008

Richard L. Voorhees
United States District Judge